[No. 9,633. Department One.— September 1, 1884.]

P. A. FORRESTER, COMMISSIONER, ETC., PETITIONER, *v.* JOHN P. DUNN, CONTROLLER, RESPONDENT.

MANDAMUS — COMMISSIONER OF IMMIGRATION — SALARY AND OFFICE EXPENSES.— The commissioner of immigration who took office after the passage of the Act of March 15, 1883, relative thereto, can only be paid his salary and office expenses out of the moneys paid into the State treasury subsequent to the enactment of that statute.

APPLICATION for writ of mandate. The facts are stated in the opinion of the court.

*Langhorne & Miller,* for Petitioner.

*Attorney-General Marshall,* for Respondent.

McKINSTRY, J. — Defendant has demurred to the petition for writ of mandate commanding defendant to audit the salary of petitioner, and his accounts of expenses of his office.

Section 2955 of the Political Code reads: —

"The commissioner of immigration must satisfy himself whether or not any person who shall arrive in this State, by vessel, from any foreign port or place, is a leper, or affected with the disease known as leprosy or elephantiasis, before such person shall mingle with the population of this State. . . . . For his services in making such examination and inspection, the commissioner of immigration shall demand and collect from the master, owner, or consignee of such vessel the sum of seventy cents in United States gold or silver coin, for each and every person so examined or inspected, which sum, except four thousand dollars a year and expenses of office, shall, when required for such purpose, be paid by the commissioner into the State treasury, to be used in the maintenance, when necessary, of such lazarettos or lepers' quarters as shall be constructed under this law," etc.

By the section above recited the commissioner is authorized to retain, out of the moneys collected by him, his salary, at the rate of four thousand dollars, and the expenses of his office, and it is his duty to pay the balance only into the State treasury when required for the maintenance of lazarettos, etc. It must be presumed that the commissioner in office, while all the provisions of section 2955 were in force, did retain his salary and office expenses out of the moneys collected by him, and paid the balance only into the State treasury. Under that section all the moneys paid into the State treasury were paid to be applied to the support of lazarettos or lepers' quarters, and were subject to no claim of the commissioner for salary or office expenses. By the Act of March 15, 1883, a new system was adopted. (Stats. and Amdts. to Codes 1883, p. 368.) By that act the commissioner is required to pay into the State treasury "all *per capita* fees collected by him, and moneys derived from fines, penalties, and forfeitures." And the controller is directed to audit the salary and office expenses of the commissioner, and to draw his

warrants for the same on the fund composed of the *per capita* fees, fines, penalties, and forfeitures so paid in by the commissioner, "provided, however, that no such account for salary and office expenses shall be audited in excess of the amount of 'leprosy funds' on hand," etc.

It is apparent from the reading of the act that it was not the intention of the legislature that the salary and office expenses of the commissioner should be paid out of any money in the treasury, being the excess of moneys collected beyond salary and office expenses prior to the passage of the Act of March 15, 1883, but that the salary and office expenses of the commissioner, after that act went into effect, should be paid only out of the fund made up from fees collected, fines, etc., which were required by its terms to be paid into the treasury, without any deduction for salary and office expenses. The petitioner took office, April 1, 1883, after the amendatory law went into operation, and, as we construe the laws, can, at most, only claim to be paid his salary, etc., out of the moneys paid into the treasury after March 15, 1883.

Writ denied and proceeding dismissed.

Ross, J., and McKee, J., concurred.